UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
GIDON ABRAMOV,                          :
                                        :
          Plaintiff,                    :   Civ. No. 15-6537 (NLH)
                                        :
     v.                                 :   OPINION
                                        :
J.T. SHARTLE, et al.,                   :
                                        :
          Defendants.                   :
_____:

APPEARANCES:
Gidon Abramov, # 63359053
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
     Plaintiff Pro se


HILLMAN, District Judge

     On or about August 31, 2015, Plaintiff Gidon Abramov, a

prisoner confined at the Federal Correctional Institution in

Fairton, New Jersey, filed this civil action asserting claims

pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403

U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1).

Plaintiff paid the entire fee.

     At this time the Court must review the instant Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant

who is immune from such relief. See 28 U.S.C. § 1915A (actions
in which prisoner seeks redress from a governmental defendant).
For the reasons set forth below, the Complaint will be DISMISSED
WITH PREJUDICE for failure to state a claim upon which relief
can be granted.

## I.    BACKGROUND

It is unclear from the Complaint the crime for which
Plaintiff was convicted and the duration of his incarceration.
Nevertheless, this information is irrelevant to an analysis as
to the validity of Plaintiff's claims.

In his Complaint, Plaintiff explains that he has been
"errouneously [sic] and falsly [sic] accused by BOP [Bureau of
Prisons] officials of being a 'Russian Mafia Associate.'"
(Compl. 6, ECF No. 1).  Specifically, Plaintiff has been
assigned a Security Threat Group ("STG") affiliation which
"negatively affects [his] classification, programs and the type
of institution to which [he is] designated." (Comp. 13, ECF No.
1).  Further, Plaintiff states that "[t]his false classification
has a negative social stigma attached to it" and "prevents [him]
from obtaining certain jobs and programs while in BOP custody
and prevents [him] from being transfered [sic] to other
institutions." (Compl. 6, ECF No. 1).

Plaintiff asserts that there is no basis for his STG
classification.  He also explains that he has exhausted his

2

administrative remedies and states that his requests to remove this STG classification were "arbitrarily denied." (Compl. 7, ECF No. 1).  Further, Plaintiff contends that he is injured by this classification to the extent he is forced to live in certain housing units.  Plaintiff states that this classification will continue to haunt him in the future "when [he is] on supervised release/parole [by] adding undue supervision, monitoring and unnecessary scrutiny[.]" (Id.).

Plaintiff names as defendants: (1) J.T. Shartle, the Warden at FCI Fairton; (2) David Dempsey, a Unit Manager at FCI Fairton; (3) J.L. Norwood, the Regional Director of the Federal Bureau of Prisons; and (4) Ian Connors, the National Administrator of Inmate Appeals.  Plaintiff states that each of these Defendants failed to remove the false STG classification.

As relief, Plaintiff requests that the Court remove any "mafia" STG classifications from all his BOP records and files.

## II.  STANDARD OF REVIEW

### A. Standard for Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a).  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is

malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune
from such relief. See 28 U.S.C. § 1915A(b).

"[T]he legal standard for dismissing a complaint for
failure to state a claim pursuant to § 1915A is identical to the
legal standard employed in ruling on 12(b)(6) motions." Courteau
v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing
Allah v. Seiverling, 229 F.3d 220, 223 (2000)).  That standard
is set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,
173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550
U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as clarified
by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a
claim, the complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. See Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308
n. 3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A]
pleading that offers 'labels or conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do.'"
Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

4

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n. 2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, pro se pleadings will be liberally construed. Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

B. Bivens Claims

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see

5

Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S.Ct. 868, 160 L.Ed.2d 769 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights,

6

privileges, or immunities secured by the United States

Constitution or federal law," and that Bivens held that a

parallel right exists against federal officials); see also

Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

### III. DISCUSSION

In his Complaint, Plaintiff asserts that his STG

classification and the inclusion of descriptive terms such as

"Russian mafia associate" or "mafia" in his BOP records is

"baseless" and that his requests to have it removed have been

"arbitrarily denied . . . for no good reason." (Compl. 7, ECF

No. 1).  Thus, the Court construes the Complaint as asserting a

due process violation.  However, to the extent Plaintiff means

to assert that his STG classification violates his right to due

process, such a claim must be dismissed with prejudice.

To analyze a claim for procedural due process, a court must

first determine whether the liberty interest asserted is one

that is protected by the Fourteenth Amendment. Montanez v. Sec'y

Pennsylvania Dep't of Corr., 773 F.3d 472, 482 (3d Cir. 2014)

(quoting Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 663

(3d Cir. 2011)).  If it is a protected interest, a court must

then determine what process is necessary to protect it. Newman

v. Beard, 617 F.3d 775, 783 (3d Cir. 2010) (citation omitted).

If the interest is not protected, no process is necessary.

Thus, as an initial matter, Plaintiff in this case must establish that he had a protected liberty interest that triggered due process rights. See Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (finding that succeeding on a due process claim requires demonstrating that the plaintiff was deprived of a liberty interest).  However, "[n]either Bureau of Prisons policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities." Green v. Williamson, 241 F. App'x 820, 822 (3d Cir. 2007) (citing Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)) (other citations omitted).

Generally, in the prison setting, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that liberty interests are only implicated where the prison's action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Green, 241 F. App'x at 822.

8

Additionally, governments may, under certain circumstances, create liberty interests which are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (citations omitted); see also Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 463, 109 S. Ct. 1904, 1910, 104 L. Ed. 2d 506 (1989) (finding that a liberty interest can arise where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989) (citing Hewitt v. Helms, 459 U.S. 460, 466 & 469–72, 103 S.Ct. 864, 868 & 870–71, 74 L.Ed.2d 675 (1983)).

In this case, Plaintiff alleges that he has been unlawfully classified as a "Russian Mafia Associate" by prison officials. However, it has long been held that an inmate has no constitutionally protected liberty interests in his place of confinement, transfer, or classification, or in the particular modes or features of confinement. See Sandin, 515 U.S. at 483; see also Ford v. Bureau of Prisons, 570 F. App'x 246, 251 (3d Cir. 2014) (citations omitted) (noting that a prisoner has no

9

liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities); Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005) (the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum, 427 U.S. at 224-25; Montanye, 427 U.S. at 242; Moody v. Daggett, 429 U.S. 78, 99 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); Cardona v. Bledsoe, 596 F. App'x 64, 68 (3d Cir. 2015) (federal inmate's placement in SMU did not implicate a protected liberty interest).

Further, Plaintiff does not allege that any statute confers a liberty interest in being free from the constraints imposed against inmates with an STG classification.  Rather, he simply challenges the BOP's decision to classify him as a "Russian mafia associate."  However, as set forth above, Plaintiff does not have a constitutional right to a particular security level or classification.  Moreover, the Court notes that the record submitted with Plaintiff's Complaint indicates that Plaintiff's "STG assignment was properly validated and reviewed by staff prior to [his] arrival at FCI Fairton[,]" and that "[n]o contrary information was provided that would result in the removal of this assignment." (Compl. 14, Administrative Remedy Part B – Response, ECF No. 1).

10

Thus, Plaintiff in this case has no constitutional liberty interest in his classification status. See, e.g., Moody, 429 U.S. at 88 n.9 (federal inmates have no legitimate statutory or constitutional interest in classification status); see also Olim, 461 U.S. at 245 (in general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification); Dogan v. Bureau of Prisons, No. 12-1806, 2013 WL 30158, at *3 (D.N.J. Jan. 2, 2013) ("Plaintiff's claim that the BOP's determination regarding his security classification violates his due process rights must fail.").

Moreover, the "negative effects" which Plaintiff alleges result from his STG classification — namely; a negative social stigma, the inability to obtain certain jobs and programs within the prison, the inability to transfer to requested facilities — do not, in themselves, implicate any liberty interest. See Ford, 570 F. App'x at 251 (collecting cases) (noting no liberty interest in a particular housing location or custody level); see also Iwanicki v. Pennsylvania Dep't of Corr., 582 F. App'x 75, 81 (3d Cir. 2014) (citing James, 866 F.2d at 629) (holding that that an inmate has no liberty or property interest in a particular prison job, or any prison job); Podhorn v. Grondolsky, 350 F. App'x 618, 620 (3d Cir. 2009) (citing Olim, 461 U.S. at 245) (holding that prisoners have no constitutional

11

right to be assigned to a particular institution, facility or rehabilitative program).

Further, although Plaintiff does not specify that he has been transferred to any STG Management Unit, the Court notes that any such transfer would not automatically deprive him of a protected liberty interest. See Fraise, 283 F.3d at 522 (citations omitted) (holding that transfer to the STG Management Unit, of inmates who had been designated as core members of such STG, did not deprive them of a protected liberty interest and, therefore, did not violate their due process rights); see also Harris v. Ricci, 595 F. App'x 128, 131 (3d Cir. 2014) (affirming district court's dismissal of plaintiff's claim regarding unlawful transfer to the STG Management Unit in connection with its screening of the complaint pursuant to 28 U.S.C. § 1915A).

Finally, the Court notes that Plaintiff has not provided any support for his bald assertion that his current STG classification will "continue to hurt [him] when [he is] on supervised release." (Compl. 7, ECF No. 1).

Because Plaintiff has not articulated a protected liberty interest with respect to his STG classification status and, thus, there has been no due process violation. See Moody, 429 U.S. at 88 n.9; Sandin 515 U.S. at 483-84; see also Fraise, 283 F.3d 506; Faruq v. Zickefoose, No. 10-6768, 2011 WL 4625358, at *5 (D.N.J. Oct. 3, 2011) (collecting cases) ("To the extent that

12

Faruq argues that his custody classification status deprives him of liberty without due process in violation of the Fifth Amendment, his claims would appear to be without merit."). Accordingly, there is no basis to grant Plaintiff's request that the Court remove the classification of "'Russian mafia associate,' "mafia,' or any such negative descriptions" from his records. (Compl. 7, ECF No. 1).

The Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. See, e.g., Harris, 595 F. App'x at 131 (affirming district court's dismissal of plaintiff's claim regarding unlawful transfer to the STG Management Unit in connection with its screening of the complaint pursuant to 28 U.S.C. § 1915A); Almahdi v. Bourque, 386 F. App'x 260, 262 (3d Cir. 2010) (affirming district court's sua sponte dismissal and holding that plaintiff had no protected liberty interest in retaining his custody status).

IV.   CONCLUSION

For the foregoing reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.  Because any amendment to the Complaint would be futile, the dismissal shall be with

13

prejudice. <u>See</u> <u>Grayson</u>, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

An appropriate Order will be entered.


_____s/ Noel L. Hillman___
NOEL L. HILLMAN
United States District Judge


Dated: April 8, 2016
At Camden, New Jersey

14